**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2005
THOMAS K. KAHN
CLERK

----------------------------------------
**No. 04-10912**
**Non-Argument Calendar**
----------------------------------------

**BIA No. A79-091-989**

**PETRO CLERGE,**
**a.k.a. Leslie Junior Delva,**

                                        **Petitioner,**

                        **versus**

**U.S. ATTORNEY GENERAL,**

                                        **Respondent.**


----------------------------------------------------------------
**Petition for Review of an Order**
**of the Board of Immigration Appeals**
----------------------------------------------------------------


**(April 21, 2005)**

**Before EDMONDSON, Chief Judge, ANDERSON and BIRCH, Circuit Judges.**

**PER CURIAM:**

Petro Clerge, a native and citizen of Haiti, petitions for review of the final order of the Board of Immigration Appeals (BIA), which affirmed the immigration judge's denial of asylum, denial of withholding of removal, and denial of relief under the United Nations Convention Against Torture (CAT).[1]  Removal proceedings commenced after 1 April 1997; the permanent provisions of the Immigration and Nationality Act, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996), govern this petition.  We deny the petition and affirm the BIA's decision.

---

[1] Clerge offers no substantive argument on the IJ's and BIA's denial of CAT relief. This issue is abandoned.  See Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1286 n.3 (11th Cir. 2003) (deeming an issue waived where a party fails to include argument and only makes a passing reference to the order appealed from).

"The BIA's factual determination that [an alien] is removable and not entitled to asylum must be upheld if it is supported by substantial evidence." <u>Mazariegos v. Office of the U.S. Attorney Gen.</u>, 241 F.3d 1320, 1323 (11th Cir. 2001). "Thus, a denial of asylum may be reversed <u>only</u> if the evidence presented by the applicant is so powerful that a reasonable factfinder would <u>have</u> to conclude that the requisite fear of persecution exists." <u>Id.</u> at 1323-24 (emphasis in original).

Clerge argues first that the BIA erred in reversing the IJ's determination that the charge of removability, brought under 8 U.S.C. § 1182(a)(6)(C)(ii), was not supported because the evidence failed to show that Clerge had the intent to misrepresent himself to be a United States citizen.

Substantial evidence supports the BIA's decision that Clerge was inadmissible under § 1182(a)(6)(C)(ii). Section 1182(a)(6)(C)(ii)(I) states that an alien is inadmissible when he

3

"falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under this chapter . . . or any other Federal or State law." Here, the evidence shows that Clerge initially submitted a fraudulent U.S. passport to an immigration inspector and indicated that he was a U.S. citizen on his customs declaration. But Clerge did not admit to his improprieties until after his entry attempt failed.

Clerge argues next that he is entitled to asylum because his credible testimony shows a well-founded fear of persecution based on his participation in Zafe Elev Lekol (ZEL), a student group in which he was active in 2000. This group, although not political, took a stance against Lavalasse, the party in power in Haiti at that time, based on a belief that elections in 2000 were fraudulent. According to Clerge, two weeks after the December 2000 election, an armed group of pro-Lavalasse militiamen, the "Chimere", fired upon the door to a ZEL meeting at which protests were being planned. The

4

Chimere members stormed the room and beat several ZEL members; Clerge escaped and went into hiding. Clerge said that Chimere members went to his parents' home and threatened to harm his parents if they did not disclose Clerge's location.

An alien may obtain asylum if he is a "refugee": a person unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42)(A), 1158(a)(1), (b)(1). To establish asylum eligibility, Clerge must show (1) past persecution (in this case on account of membership in a particular social group or political opinion), or (2) a "well-founded fear" that his membership in the ZEL or his political opinion will cause future persecution. 8 C.F.R. § 208.13(a), (b)(1). A showing of past persecution creates a presumption of a "well founded fear" of persecution. 8 C.F.R. § 208.13(b)(1).

But "[a]n applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . if under all the circumstances it would be reasonable to expect the applicant to do so."  8 C.F.R. § 208.13(b)(2)(ii).  And under the BIA's interpretation of the applicable statutes and regulations, an asylum applicant must show that he "face[s] a threat of persecution country-wide."  Mazariegos v. Office of U.S. Attorney Gen., 241 F.3d 1320, 1325 (11th Cir. 2001).

Substantial evidence supports the BIA's determination that Clerge failed to demonstrate asylum eligibility.  Clerge submitted the statement of a fellow ZEL member, Frantz Saint Fleur, who had attended the December 2000 meeting with Clerge and who since had been hiding in another town.  Clerge admitted that he was able to remain safely in Haiti for approximately one month after the incident; he also admitted that he would be able to live safely in the

6

area of Haiti to which Saint Fleur had fled. And Clerge concedes that the Lavalasse party currently is not in power in Haiti. Clerge has not undermined facts supporting the BIA's determination that he could avoid persecution by relocating to another part of Haiti. See Mazariegos, 241 F.3d at 1327-28 (upholding denial of asylum relief where facts supported BIA determination that applicant did not face "a threat of persecution country-wide"). We affirm the BIA's decision denying asylum relief and denying withholding of removal.[2]

PETITION DENIED.

---

[2] Substantial evidence supports the BIA's determination that Clerge did not establish asylum eligibility: he offers no reason why he has met the higher standard for showing that the BIA's denial of withholding of removal was in error. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1292-93 (11th Cir. 2001).